LATHAM & WATKINS LLP
  Joel E. Krischer (Bar No. 066489)
    joel.krischer@lw.com
  Joseph B. Farrell (Bar No. 137435)
    joe.farrell@lw.com
  Gene Chang (Bar No. 240378)
    gene.chang@lw.com
633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
  Angela K. Knarr (Bar No. 216032)
    angie.knarr@lw.com
650 Town Center Drive, Suite 2000
Costa Mesa, California 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Attorneys for Defendant
NCR Corporation

**NOTE CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| MICHELLE TEETER, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NCR CORPORATION, an Ohio Corporation,<br><br>Defendants. | CASE NO. ED CV 08-00297 SGL (JCRx)<br><br>[~~PROPOSED~~] **ORDER RE JOINT STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: March 5, 2008<br>Trial Date: NONE SET |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

**FOR GOOD CAUSE SHOWN,** the Amended Joint Stipulated Protective Order, requested by stipulation of the parties dated June 19, 2008, is hereby entered.

**IT IS SO ORDERED.**

Dated: 6/23/08

John C. Rayburn, Jr.
United States Magistrate Judge

```
 1  LATHAM & WATKINS LLP
      Joel E. Krischer (Bar No. 066489)
 2      joel.krischer@lw.com
      Joseph B. Farrell (Bar No. 137435)
 3      joe.farrell@lw.com
      Gene Chang (Bar No. 240378)
 4      gene.chang@lw.com
    633 West Fifth Street, Suite 4000
 5  Los Angeles, California 90071-2007
    Telephone: +1.213.485.1234
 6  Facsimile: +1.213.891.8763

 7  LATHAM & WATKINS LLP
      Angela K. Knarr (Bar No. 216032)
 8      angie.knarr@lw.com
    650 Town Center Drive, Suite 2000
 9  Costa Mesa, California 92626-1925
    Telephone: +1.714.540.1235
10  Facsimile: +1.714.755.8290

11  Attorneys for Defendant
    NCR Corporation
12
```

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHELLE TEETER, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NCR CORPORATION, an Ohio Corporation,<br><br>Defendants. | CASE NO. ED CV 08-00297 SGL (JCRx)<br><br>Amended JOINT STIPULATED PROTECTIVE ORDER<br><br>Action Filed: March 5, 2008<br>Trial Date: NONE SET |

*[Handwritten]:* All terms and conditions set forth below are expressly limited to the discovery phase of this litigation, as the Magistrate Judge who has signed this Amended Joint Stipulated Protective Order has authority only over the discovery phase of this litigation. The terms and conditions set forth herein do not bind or limit the District Judge as to what material is discoverable during the pretrial, trial, and post-trial phases of this litigation.

1.  **PURPOSES AND LIMITATIONS**

    1.1  Disclosure and discovery activity in this action are likely to involve production of trade secrets or other confidential research, development, commercial, proprietary, medical or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order" or "Order").

    1.2  Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this litigation, and shall not be used directly or indirectly for any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in this Order.

    1.3  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. Designations of confidentiality shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below for each category.

2.  **DEFINITIONS**

    2.1  <u>Party</u>. Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2  <u>Disclosure or Discovery Material</u>. All items or information, including items or information from a non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3  <u>"Confidential" Material</u>. Information (regardless of how generated, stored or maintained) or tangible things that include trade secrets or

1  other confidential research, development, commercial, proprietary, non-public,
2  technical, business, financial, medical, sensitive or private information that a
3  Producing Party believes in good faith can be disclosed to select employees or
4  agents of a Receiving Party (as described in paragraph 7.5(b) below) solely for
5  purposes of this litigation without substantial risk of harm to the Producing Party,
6  but which must be protected from widespread dissemination or disclosure to non-
7  parties.

8       2.4  "Highly Confidential" Material. Extremely sensitive
9  Confidential information (as defined above) that a Producing Party believes in
10 good faith (a) creates a substantial risk of harm to the Producing Party if disclosed
11 to employees or agents of a Receiving Party not listed in paragraph 7.6(b) below;
12 (b) contains private information of an individual; or (c) is subject to an express
13 obligation of confidentiality owed by the Producing Party to a third-party.

14       2.5  Receiving Party. A Party that receives Disclosure or Discovery
15 Material from a Producing Party.

16       2.6  Producing Party. A Party or non-party that produces Disclosure
17 or Discovery Material in this action.

18       2.7  Designating Party. A Party or non-party that designates
19 information or items that it produces in disclosures or in responses to discovery or
20 subpoena as "Confidential" or "Highly Confidential."

21       2.8  Protected Material. Any Disclosure or Discovery Material that
22 is designated as "Confidential" or "Highly Confidential."

23       2.9  Outside Counsel. Attorneys of the law firms of counsel of
24 record in the subject action(s) who are not employees of a Party but who are
25 retained to represent or advise a Party in this action.

26       2.10 In-House Counsel. Attorneys who are employees of a Party.

27       2.11 Counsel (without qualifier). Outside Counsel and In-House
28 Counsel (as well as their support staffs).

1    2.12  Underline: Expert. A person with specialized knowledge or experience in
2  a matter pertinent to the litigation who has been retained by a Party or its counsel
3  to serve as an expert witness or as a consultant in this action.
4    2.13  Professional Vendors. Persons or entities that provide litigation
5  support services (e.g., photocopying; videotaping; translating; preparing exhibits or
6  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
7  and their employees and subcontractors. This definition includes a professional
8  jury or trial consultant retained in connection with this litigation.
9  **3.    SCOPE**
10    The protections conferred by this Stipulation and Order cover not only
11  Protected Material (as defined above), but also any information copied or extracted
12  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus
13  testimony, conversations, or presentations by parties or counsel to or in court or in
14  other settings that might reveal Protected Material. Nothing in this paragraph shall
15  be construed to prejudice a party's right to use any Protected Material in court or in
16  any court filing with the consent of the Producing Party or by order of the Court.
17  **4.    DURATION** _If, but only if, the District Court so orders,_
18  ~~Even~~ after the termination of this litigation, the confidentiality
19  obligations imposed by this Order shall remain in effect until a Designating Party
20  agrees otherwise in writing or a court Order otherwise directs.
21  **5.    DESIGNATING PROTECTED MATERIAL**
22    5.1  Manner and Timing of Designations. Except as otherwise
23  provided in this Order, or as otherwise stipulated or ordered, material that qualifies
24  for protection under this Order must be clearly so designated before the material is
25  disclosed or produced.
26    Designation in conformity with this Order requires:
27    (a)  for information in documentary form (apart from transcripts of
28    depositions or other pretrial or trial proceedings), that the Producing Party

1  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2  A Party or non-party that makes original documents or materials
3  available for inspection need not designate them for protection until after the
4  inspecting Party has indicated which material it would like copied and
5  produced. During the inspection and before the designation, all of the
6  material made available for inspection shall be deemed "HIGHLY
7  CONFIDENTIAL." After the inspecting Party has identified the documents
8  it wants copied and produced, the Producing Party must determine which
9  documents, or portions thereof, qualify for protection under this Order, then,
10 before producing the specified documents, the Producing Party must affix
11 the appropriate legend ("CONFIDENTIAL" or "HIGHLY
12 CONFIDENTIAL") on each page that contains Protected Material.
13 Documents or materials inspected but not copied and produced shall
14 continue to be treated as "HIGHLY CONFIDENTIAL."

15  (b)  for testimony given in deposition or in ~~other pretrial or trial~~ the discovery phase of
16  this litigation, ~~proceedings,~~ any Party or non-party may identify on the record, before the
17  close of the deposition, hearing, or other proceeding, that the transcript or
18  portions thereof be designated "CONFIDENTIAL" or "HIGHLY
19  CONFIDENTIAL." Any Party or non-party may also designate the
20  transcript or portions thereof "CONFIDENTIAL" or "HIGHLY
21  CONFIDENTIAL" by providing notice of such designation to all other
22  Parties within 30 days of receipt of the final transcript. All Parties shall treat
23  the transcript and all draft transcripts as "HIGHLY CONFIDENTIAL"
24  during that 30-day period.

25  (c)  for information produced in some form other than documentary,
26  and for any other tangible items, that the Producing Party affix in a
27  prominent place on the exterior of the container or containers in which the
28  information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

1   CONFIDENTIAL." If any items produced in a non-paper medium are
2   printed by the Receiving Party, the Receiving Party must immediately
3   adhere to any specific printing instructions contained in this Order or, in the
4   absence of other specific instructions in this Order, mark each page of the
5   printed version with the confidentiality designation of the media.

6       5.2   <u>Inadvertent Failures to Designate</u>. An inadvertent failure to
7   designate qualified information, testimony or items as "CONFIDENTIAL" or
8   "HIGHLY CONFIDENTIAL" does not waive the Designating Party's right to
9   secure protection under this Order for such material. Upon discovery of an
10  inadvertent failure to designate, the Designating Party must promptly notify the
11  Receiving Party in writing of the inadvertent failure to designate and take steps
12  necessary to replace the documents with appropriate legends or otherwise
13  designate the materials as set forth above. Upon receipt of this written notice, the
14  Receiving Party must promptly make all reasonable efforts to assure that the
15  material is treated in accordance with the provisions of this Order, including
16  retrieving any copies that may have been distributed to unauthorized individuals
17  and destroying any copies of documents that have been replaced with the proper
18  designation.

19  **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

20      6.1   At any time in these proceedings following the production or
21  designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL,"
22  counsel for a Party may challenge such designation by providing the Designating
23  Party with written notice identifying the specific document or material being
24  challenged and reasons it believes the designation is inappropriate. The
25  Designating Party shall have fifteen (15) days from the receipt of such notice to
26  withdraw its designation or provide the reasons it believes the designation is
27  appropriate. The parties shall thereafter meet and confer by phone in an attempt to
28  resolve any remaining dispute. Thereafter, counsel for the Designating Party may

1  file a motion with the Court in accordance with the Court's rules governing
2  discovery disputes.
3     The burden of persuasion in any such challenge proceeding shall be
4  on the Designating Party. Until the court rules on the challenge, all parties shall
5  continue to afford the material in question the level of protection to which it is
6  entitled under the Designating Party's designation.

7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

  7.1  <u>Basic Principles</u>. All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

  7.2  <u>Secure Storage and Custody of Protected Material</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited solely to the persons authorized under this Order.

  7.3  <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent Counsel from advising their client with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

  7.4  <u>Limitations</u>. Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Protected Material, nor the use or disclosure of information by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) with the consent of the Producing Party; or (d) pursuant to Order of the Court.

7.5 <u>Disclosure of "CONFIDENTIAL" Material.</u> *During the discovery phase of this litigation,* Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

    (a) Persons entitled to access "HIGHLY CONFIDENTIAL" Material pursuant to paragraph 7.6 below; and

    (b) Two additional officers or employees of the Receiving Party not named in paragraph 7.6 below to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.6 <u>Disclosure of "HIGHLY CONFIDENTIAL" Material.</u> *During the discovery phase of this litigation,* Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel in this action, including Outside Counsel's support staff such as paralegals, technology specialists and secretaries;

    (b) no more than two In-House Counsel or officers of the Receiving Party, as well as their paralegals and secretaries, to whom disclosure is reasonably necessary for this litigation, who are identified below and have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

    (c) experts or consultants of the Receiving Party, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation;

    (d) the Court and its personnel;

    (e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Jury research

1  participants hired by jury consultants may be told or shown Protected
2  Materials or information provided: (1) they are not affiliated with any
3  Producing Party or its direct competitor, (2) they are not themselves given
4  custody of any copies, summaries or excerpts of Protected Material or
5  permitted to remove any notes taken during the exercise from the research
6  facility; and (3) they agree in writing to be bound by confidentiality;
7      (f)    only during their depositions ~~or testimony at trial~~, (1) a current
8  or former officer, director or employee of the Producing Party or original
9  source of the information, (2) any person selected by a Producing Party to
10  provide testimony pursuant California Code of Civil Procedure Section
11  2025.230, and (3) witnesses in the action to whom disclosure is reasonably
12  necessary and who have signed the "Agreement to Be Bound by Protective
13  Order" (Exhibit A).  Persons authorized to view Protected Material under
14  this sub-paragraph (f) shall not retain or be given copies of any Protected
15  Materials; and
16      (g)    a person who appears on the face of the document to be the
17  author, addressee or recipient of the document or the original source of the
18  information.  Persons authorized to view Protected Material under this sub-
19  paragraph (g) shall not retain or be given copies of any Protected Materials.
20  **8.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED**
21      **PRODUCED IN OTHER LITIGATION**
22      If any party or person that has obtained any Protected Material under
23  the terms of this Order receives a subpoena or other legal process commanding the
24  production of such Protected Material (a "Third Party Request"), such person shall
25  not produce any Protected Material in response to the Third Party Request without
26  the prior written consent of the Designating Party or an order of a court of
27  competent jurisdiction, except as otherwise provided by this paragraph.  A party
28  receiving a Third Party Request shall promptly notify the Designating Party of

1  such Third Party Request. If the Designating Party intends to seek to prevent
2  disclosure in response to such Third Party Request, the Designating Party shall,
3  within five (5) days after receipt of such notice, file a motion to quash or for a
4  protective order with the appropriate authority. If such a motion to quash or for a
5  protective order is not filed within the time limit herein, then the party that
6  received the Third Party Request may comply with the Third Party Request.

### 9. PROTECTED MATERIAL OF THIRD PARTIES TO THIS LITIGATION

Non-parties to this litigation may (a) designate deposition transcripts and documents that they produce, whether voluntarily or by subpoena, according to the designations set forth in this Protective Order, and such documents or deposition transcripts shall be treated by the parties to this litigation in the same manner as documents or information so designated by a party to this litigation; and (b) intervene in this litigation to enforce the provisions of this Protective Order as if they were a party.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

## 11. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

If a Producing Party inadvertently produces a document, tangible item or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure. In such circumstances, upon discovery of the inadvertent disclosure, the Producing Party shall immediately notify the Receiving Party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials. Within five (5) business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials. Such return or confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the materials and shall not constitute an admission by the Receiving Party that the materials were, in fact, privileged or otherwise protected in any way. The Producing Party shall retain the Privileged Material for submission to the Court in the event the Receiving Party moves to compel. Summaries of inadvertently produced documents shall be destroyed by the Receiving Party if a motion to compel is not brought or is denied.

## 12. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court Order secured after appropriate notice to all interested persons, a Party may not file in the public record ~~in this action~~ during the discovery phase of this litigation any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.1.

## 13. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty days after the final termination of this action as to a Producing Party, each Receiving Party must, at the option of the Producing Party, which

1  option shall be promptly exercised by the Designating Party, either destroy all
2  Protected Material or return all Protected Material to the Producing Party. As used
3  in this subdivision, "all Protected Material" includes all copies, abstracts,
4  compilations, summaries or any other form of reproducing or capturing any of the
5  Protected Material. The Receiving Party must submit a written certification to the
6  Designating Party by the sixty day deadline confirming that all Protected Material
7  was destroyed (or handled as otherwise agreed) and that affirms that the Receiving
8  Party has not retained any copies, abstracts, compilations, summaries or other
9  forms of reproducing or capturing any of the Protected Material. Notwithstanding
10 this provision, Outside Counsel are entitled to retain an archival copy of all
11 pleadings, motion papers, transcripts, legal memoranda, correspondence or
12 attorney work product, even if such materials contain Protected Material. Any
13 such archival copies that contain or constitute Protected Material remain subject to
14 this Protective Order as set forth in Section 4 (DURATION), above.

15  **14.   MISCELLANEOUS**

16      14.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the
17 right of any person to seek its modification by the Court in the future. By
18 stipulating to this Order, the parties do not waive the right to argue that certain
19 material may require additional or different confidentiality protections than those
20 set forth herein.

21      14.2  <u>Right to Assert Other Objections</u>. By stipulating to the entry of
22 this Protective Order no Party waives any right it otherwise would have to object to
23 disclosing or producing any information or item. Similarly, no Party waives any

24
25
26
27
28

1  right to object on any ground to use in evidence of any of the material covered by
2  this Protective Order.

3  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

4
5  Dated: June 19, 2008

6
7  By:         /s/ Richard M. Paul III
8       Robert W. Thompson, Esq.
         Charles S. Russell, Esq.
9        CALLAHAN MCCUNE & WILLIS, APLC
10       111 Fashion Lane
         Tustin, California 92780
11       Telephone: (714) 730-5700
12       Facsimile: (714) 730-1642

13       George A. Hanson, Esq.
14       Richard M. Paul III, Esq.
         Lee R. Anderson, Esq.
15       STUEVE SIEGEL HANSON LLP
16       460 Nichols Road, Suite 200
         Kansas City, Missouri 64112
17       Telephone: +1.816.714-7100
18       Facsimile: +1.816.714-7101

19  ATTORNEYS FOR PLAINTIFFS
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | Dated: June 19, 2008 |
| 2 | By:_____/s/ Joseph B. Farrell_____ |
| 3 | LATHAM & WATKINS LLP |
| 4 | |
| 5 | Joel E. Krischer<br>Joseph B. Farrell |
| 6 | Gene Chang |
| 7 | 633 West Fifth Street, Suite 4000<br>Los Angeles, California 90071-2007 |
| 8 | Telephone: +1.213.485.1234<br>Facsimile: +1.213.891.8763 |
| 9 | |
| 10 | Angela K. Knarr |
| 11 | 650 Town Center Drive, Suite 2000<br>Costa Mesa, California 92626-1925 |
| 12 | Telephone: +1.714.540.1235<br>Facsimile: +1.714.755.8290 |
| 13 | |
| 14 | ATTORNEYS FOR DEFENDANT<br>NCR CORPORATION |

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Orange County Superior Court in the case *MICHELLE TEETER v. NCR CORPORATION*, Case No. 5:08-CV-00297-SGL-JCR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court for the County of Orange for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# Stipulation
5:08-cv-00297-SGL-JCR Michelle Teeter v. NCR Corporation
(JCRx), DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered by Knarr, Angela on 6/19/2008 at 3:50 PM PDT and filed on 6/19/2008
**Case Name:** Michelle Teeter v. NCR Corporation
**Case Number:** 5:08-cv-297
**Filer:** NCR Corporation
**Document Number:** 28

**Docket Text:**
**First STIPULATION for Protective Order filed by Defendants NCR Corporation. (Attachments: # (1) Proposed Order re Joint Stipulated Protective Order)(Knarr, Angela)**

**5:08-cv-297 Notice has been electronically mailed to:**

Matthew L Dameron    dameron@stuevesiegel.com

George A Hanson    hanson@stuevesiegel.com

Angela K Knarr    angie.knarr@lw.com

Todd M McGuire    mcguire@stuevesiegel.com

Charles S Russell    charles_russell@cmwlaw.net

Robert Walter Thompson    robert_thompson@cmwlaw.net

**5:08-cv-297 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Lee Anderson
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

Richard M Paul , III
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112

The following document(s) are associated with this transaction:

**Document description:** Main Document

**Original filename:** H:\Data\E-Filings\USDC-Central\NCR_Teeter Protective Order - Two Tier.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/19/2008] [FileNumber=6041546-0]
[a460baede4316c1b5d971a3f54d7dd5501b54e07429fec996a61b5f217fa3b252cce
6afcb6d1cd5e47a204447f71c7e83ed5616185c9284c63b6753f1b1ee3e4]]
**Document description:** Proposed Order re Joint Stipulated Protective Order
**Original filename:** H:\Data\E-Filings\USDC-Central\NCR_teeter proposed order re joint stipulated protective order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=6/19/2008] [FileNumber=6041546-1]
[615501a906623c2176db4c423a327ce4aa3b2f942ea7a32d0a084a320f0f2faa854c
eddbdd3e17fda27e64251c93d7bff3da297c96e4c48869ac5f64cae58b2f]]