**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHELLE TEETER, individually, and on behalf of a class of others similarly situated,

Plaintiffs,

v.

NCR CORPORATION,

Defendant.

Case No. 5:08-cv-00297-SGL-JCR

**~~[PROPOSED]~~ ORDER (1) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES; (2) APPROVING FLSA COLLECTIVE ACTION SETTLEMENT; (3) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT; (4) DIRECTING DISTRIBUTION OF NOTICE TO THE CLASS; and (5) SETTING FINAL APPROVAL HEARING**

On February 20, 2009, Plaintiff Michelle Teeter ("Plaintiff"), individually and on behalf of the settlement classes, and Defendants NCR Corporation and First Level Technology, LLC ("Defendants"), entered into a class and collective action settlement, the terms and conditions of which are set forth in the Parties' Settlement Agreement (hereafter, the "Settlement" or "Settlement Agreement"). Unless otherwise provided in this Order, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

The Court having reviewed the papers and documents presented, hereby makes the following findings and rulings.

IT IS HEREBY ORDERED:

(1) The Court finds that the parties' Settlement Agreement falls within a range of reasonableness and appears to be fair, reasonable, and adequate as to members of each Class, subject only to any objections that may be raised at the final fairness hearing and final approval of the Rule 23 Class settlement by this Court;

(2) The Court approves the FLSA collective action settlement and authorizes notice to be sent to the FLSA class notifying them of their right to opt-in to this case and participate in the settlement;

(3) The Court grants preliminary approval of the Rule 23 Class settlement;

(4) For settlement purposes only, the Court certifies an FLSA Settlement Class defined as "all Customer Engineers employed by NCR or FLT in the United States except in California from August 10, 2005 until **[the date the Court enters this Order]**" as a collective action under 29 U.S.C. § 216(b) and preliminarily certifies a Rule 23 Settlement Class defined as "all Customer Engineers employed by NCR or FLT in California from March 5, 2004 until **[the date the Court enters this Order]**" as a class action under Federal Rule of Civil Procedure 23(b)(3), approves Michelle Teeter as representative of the Rule 23 Settlement Class, and appoints Stueve Siegel Hanson LLP and Callahan McCune & Willis LLP as Class Counsel for both the FLSA and Rule 23 Settlement Classes;

(5) The Court approves Analytics, Inc., as the class administrator of the settlement;

(6) The Court approves as to form and content, subject to formatting and correction of grammatical and typographical matters, the proposed Notice of FLSA

Collective Action Settlement, the proposed Notice of Rule 23 Class Action Settlement, and the Notice Plan as reasonable notice practicable under the circumstances and in full compliance with applicable law;

(7) The Court approves the proposed procedure for submitting requests for exclusion from the Rule 23 Class set forth in the Rule 23 Class Notice; and

(8) The Court orders that each Rule 23 Class member be given a full opportunity to object to the Settlement Agreement, application for attorney's fees and costs, the incentive awards to certain plaintiffs, and to participate at the Final Approval Hearing, which is set on 7/27/09 at 10:00 a.m./~~p.m.~~ or some other date of the parties' choosing that is acceptable to the Court and at least 100 days from the date of this Order. The date selected for the Final Approval Hearing must appear in the Class Notice. Any Class Member seeking to object to the Settlement Agreement shall file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendants' Counsel within 45 days of the date on which the Class Notice is mailed. Should any party wish to file a written response to any written objection filed by a Class Member, such response shall be filed within 10 days of the Final Approval Hearing. However, the failure to file a written response shall not bar any party from presenting oral argument or evidence concerning such objection at the Final Approval Hearing. Any Class Member who fails to file and serve a timely written objection shall be foreclosed from objecting to the Settlement, unless otherwise ordered by the Court.

(9) If Rule 23 opt-outs represent 5% or more, or if FLSA opt-ins represent less than 75%, of the weeks for which NCR potentially faces liability, Defendants shall have the sole and absolute discretion to withdraw from the settlement within 10 business days after it receives a list of Rule 23 opt-out Class Members and FLSA opt-in Class Members from the Claims Administrator, subject to the terms and conditions of the Settlement Agreement.

(10) If the Motion for Final Approval of Class Action Settlement (*i.e.*, the Final Approval Hearing) is unopposed, the motion shall be considered timely if Class Counsel files the motion and all supporting papers at least 10 days prior to the hearing date.

IT IS SO ORDERED.

4/6/09

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE