Robert W. Thompson, Esq. (SBN 106411)
Charles S. Russell, Esq. (SBN 233912)
CALLAHAN MCCUNE & WILLIS, APLC
111 Fashion Lane
Tustin, California 92780
Tel:   714-730-5700
Fax:   714-730-1642

George A. Hanson (appearing *pro hac vice*)
Richard M. Paul III (appearing *pro hac vice*)
Lee Anderson (appearing *pro hac vice*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:   816-714-7100
Fax:   816-714-7101

JS-6

**ATTORNEYS FOR PLAINTIFFS**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| MICHELLE TEETER, individually, and on behalf of a class of others similarly situated,<br><br>                    Plaintiffs,<br>v.<br><br>NCR CORPORATION, *et al.*<br><br>                    Defendants. | Case No. 5:08-cv-00297-SGL-JCR<br><br>Judge: Hon. Stephen G. Larson<br><br>ORDER |

### ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND EXPENSES IN CLASS ACTION SETTLEMENT AND FLSA COLLECTIVE ACTION SETTLEMENT

On April 6, 2009, the Court provisionally certified for settlement purposes both an FLSA Settlement Class and a Rule 23 Settlement Class. The Court also finally approved the FLSA Settlement and preliminarily approved the Rule 23 Settlement and directed distribution of Notice

to both classes.  On August 4, 2009 the Court held a final fairness hearing with regard to the Rule 23 Settlement.  Having considered all arguments and papers filed in connection herewith, the Court finds that the Settlement is fair, adequate and reasonable.  Consequently, the Rule 23 Settlement is finally approved.  Moreover, attorneys' fees and expenses in the amounts requested are awarded and the Court enters the following Final Order and Judgment:

1. The Court finds that the parties' Settlement Agreement is fair, reasonable, and adequate as to members of both the Rule 23 Class and the FLSA collective action class.

2. Having previously finally approved the FLSA Settlement, the Court now grants final approval of the Rule 23 Class Action Settlement.

3. The Rule 23 Settlement Class shall consist of all Customer Engineers employed by Defendants in California from March 5, 2004 to April 6, 2009 who have not previously released all claims covered by this Lawsuit.  Except that the class shall not include the two people who timely excluded themselves from the Class:  Charles Vice and Andrew Medek.

4. The Court approves of the proposed procedure for distributing payment to both the FLSA and Rule 23 classes and directs all payments be made in accordance with the terms of the Settlement Agreement.

5. The Court hereby confirms Stueve Siegel Hanson LLP and Callahan McCune & Willis APLC as Class Counsel, and finds that Class Counsel has adequately represented the Plaintiff Class for purposes of entering into and implementing the Settlement.

6. Having reviewed the record, the Court now grants Plaintiff's Unopposed Application for Attorney Fees and Expenses, and finds the amounts requested therein to be reasonable in light of Class Counsel's efforts and expenses in prosecuting this action and Ninth

Circuit precedent.  Therefore, the Court awards Class Counsel attorneys' fees in the amount of $2,625,000 and expenses in the amount of $35,000.

7.   The Court also hereby approves of the incentive awards requested by Plaintiffs and orders that payment in the following amounts be made in accordance with the terms of the Settlement Agreement:  $10,000 each to Michelle Teeter, William Mercier, and Carl Tagliabue; $5,000 each to Bahri Quorrolli; and the amount of $1,000 each to Michael Knapp, John (J.A.) Eckenstein, Steve Pigate, Moises Rascon, and Warren Chesley.  These awards are made in consideration of their service to the class and substantial efforts assisting counsel in achieving this settlement on behalf of the Class Members.  The Court finds that these awards are reasonable.

8.   Without affecting the finality of the Settlement or accompanying Judgment, this Court shall retain exclusive and continuing jurisdiction over the Parties, including all Class Members, relating to the Action and the administration, consummation, enforcement and interpretation of the Settlement Agreement, this Final Order and Judgment, and for any other necessary purpose.

9.   With respect to class members who did not opt-out and including those members of the FLSA settlement class that timely opted-in, any and all disputes and claims alleged in the Amended Complaint and any and all claims released in the Settlement Agreement, including those described in the Release of Claims, are hereby dismissed with prejudice.

10.  The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent

-4-

with this Final Order and Judgment.

11.     There is no reason to delay the enforcement of this FINAL ORDER AND JUDGMENT.

**IT IS SO ORDERED:**

Dated  August 06, 2009

*[signature]*

**HONORABLE STEPHEN G. LARSON
UNITED STATES DISTRICT COURT JUDGE**